MATTER OF KHAN

In Deportation Proceedings

A-21186003

*Decided by Board March 15, 1977*

(1) Respondent moved to reopen deportation proceedings to apply for adjustment of status under section 245 of the Immigration and Nationality Act as a nonpreference immigrant who is exempt from the labor certification requirement of section 212(a)(14) of the Act as an investor as provided in 8 C.F.R. 212.8(b)(4). The motion was denied and respondent appealed.

(2) From the record, it was not possible to determine the total investment made by the respondent, but it did appear that the investment was no more than the amount of cash contributed to the business by respondent which amounted to no more than $8,600—less than the $10,000 required by the regulation. However, respondent argued that he was "actively in the process of investing" and should be given a reasonable time to complete the investment.

(3) In this case, respondent had at best a subjective intention to invest in the future. Although he may have invested funds in the past, that does not establish that he will invest funds in the future. More is required for such a showing. For example, copies of contracts showing a legal commitment to make certain future expenditures or documents of that nature could be submitted. Since respondent submitted nothing of this nature he failed to show that he was "actively in the process of investing" as required under 8 C.F.R. 212.8(b)(4), and the appeal will be dismissed.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant student—failed to comply with conditions of admission

ON BEHALF OF RESPONDENT: Ben H. Kim, Esquire
120 South LaSalle Street
Chicago, Illinois 60603

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

This is an appeal from a decision of an immigration judge, dated October 21, 1975, denying the respondent's motion to reopen his deportation proceedings. The respondent seeks reopening to apply for adjustment of status pursuant to section 245 of the Immigration and Nationality Act. The appeal will be dismissed.

The respondent is a native and citizen of Pakistan. On July 29, 1975, he was found deportable under section 241(a)(9) of the Act as a nonim-

migrant alien who had failed to maintain his status. The respondent conceded deportability and that is not an issue in this appeal.

The respondent seeks adjustment of status as a nonpreference immigrant. He claims to be exempt from the labor certification requirements of section 212(a)(14) of the Act as an "investor." See 8 C.F.R. 212.8(b)(4). Under this regulation, an alien who possesses the requisite experience or training, and who establishes that he has invested or is actively in the process of investing at least $10,000 in a commercial or agricultural enterprise is not considered to be within the purview of section 212(a)(14) of the Act.[1]

The burden of proof to establish this claim rests upon the alien. The evidence must be unambiguous and any doubts will be resolved against the "investor" claimant. *Matter of Shaw*, Interim Decision 2525 (BIA July 2, 1976); *Matter of Ahmad*, Interim Decision 2316 (BIA 1974).

The respondent has invested in a tire, battery, and accessory enterprise. He appears to be the sole proprietor and does business as Irving Park Tire Center. The respondent has not submitted an accountant's statement, nor, in fact, any statement, to establish the amount and nature of his investment. He has submitted numerous invoices, a copy of a lease, a copy of his business checking account statement and several canceled checks. The respondent contends that his investment in equipment and inventory and the amount of cash available to and being used by the business, equals at least $10,000.

In computing the amount of the investment, the value of equipment purchased and inventory on hand at a given time is included. *Matter of Ahmad, supra*. The amount of the invoices for equipment purchased, including a station wagon which is claimed to be used in the respondent's business, totals $2,400. As of the time of the hearing on the motion to reopen, investment in inventory, as evidenced by invoices and delivery orders, totaled $2,328.44. The earliest of these particular purchases of, or orders for, inventory appears to have been made on August 14, 1975, and the latest on September 29, 1975.

A reasonable amount of cash in a business bank account or similar fund which is used for the routine operations of the business may be included as part of the investment. Cf. *Matter of Heitland*, 14 I. & N. Dec. 563 (BIA 1974), affirmed Civ. No. 76-4141 (2 Cir. January 27, 1977). On July 3, 1975, the respondent transferred funds from his personal savings account, and other money, to a business checking account. The account for Irving Park Tire Center shows an opening balance of $7,500. As of August 1, 1975, this had been increased to $8,585.80. However, as of August 30, 1975, the balance stood at

---

[1] 8 C.F.R. 212.8(b)(4) was amended, effective October 7, 1976, to require an investment of $40,000. The amendment has prospective effect only; the present case is therefore considered under the regulation in effect at the time the application was made.

$3,688.88. The amounts drawn on this account in that period, as evidenced by copies of the canceled checks, show that the money was used for payment of two months rent, salary for an employee, and payments to suppliers. However, it is not clear for what items these payments were made. One check in the amount of $1,725 was made payable to a person who apparently sold the respondent $1,175 worth of equipment, as evidenced by an invoice. The difference is not explained.

On appeal, counsel for the respondent has submitted canceled checks representing payment for most of the invoices previously included in computing the amount of inventory. None of these checks had been shown on the checking account statement. Counsel's contention that these canceled checks represent an increase in the investment is erroneous and somewhat misleading. Presumably, the canceled checks represent a further reduction in the checking account. There is no evidence that funds sufficient to offset the checks were deposited in the account.

The respondent has also submitted additional invoices and delivery orders. The respondent contends that these represent an additional investment of $693.15. However, one of these invoices representing inventory valued at $865.64 had previously been submitted and was included in the amount of the investment. In attempting to establish that the $10,000 minimum investment has been reached, care should be taken to avoid counting the same items twice.

On the basis of this record, it is not possible to ascertain the total investment made by the respondent. It appears, however, that the investment has not exceeded more than the cash contribution to the business which the respondent has made. This amounts to no more than $8,600.

The respondent also argues that, notwithstanding that he has not yet invested $10,000 in the business, he is "actively in the process of investing" and should be given a reasonable period of time in which to complete that investment. It appears from the record that the respondent has made a considerable investment in his business. He apparently has been making continuous purchases of inventory items. However, this by itself, does not show that he is "actively in the process of investing" $10,000.

We have not, nor do we attempt here, to set forth a complete definition of the phrase "actively in the process of investing." However, an intention to commit funds, which is contingent upon approval of an application for adjustment of status, does not come within that phrase. *Matter of Lui*, Interim Decision 2354 (BIA 1975). Even where such an intention is evidenced by a note which in turn is contingent upon the granting of adjustment of status, the regulation will not be satisfied. *Matter of Lee*, Interim Decision 2415 (BIA 1975).

Here, the respondent has at best a subjective intention to invest in

the future. Although he may have invested funds in his business in the past, that does not establish that he will continue to do so in the future. Something further must be shown. For example, evidence establishing that an investor claimant is "actively in the process of investing," could consist of copies of contracts showing that he is legally committed to making certain expenditures, or similar items. The respondent has submitted nothing of this nature. Accordingly, we hold that he has not established that he is "actively in the process of investing" $10,000 in his business.

The decision of the immigration judge was correct. The appeal will therefore be dismissed.

ORDER: The appeal is dismissed.